# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ROB JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. _____ |
| | ) |
| KYSOR WARREN, | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Mr. Rob Jones ("Plaintiff" or "Mr. Jones") submits the following Complaint for Damages and Equitable Relief against Kysor Warren ("Defendant" or "Kysor Warren") and shows as follows:

## INTRODUCTION

1.

This is an employment case arising from Defendant Kysor Warren's disability discrimination, failure to provide reasonable accommodation, retaliation, and violation of Plaintiff's statutory right to take disability leave from work because of a serious health condition. Mr. Jones was a dedicated employee of Kysor Warren and worked for the company for over three decades. However, when he suffered from a disability which required surgery and protected medical leave, he was quickly fired while on protected medical leave for pretextual reasons.

2.

Plaintiff asserts claims under the Americans with Disabilities Act Amendments Act of 2008, 42 U.S.C. § 12112 *et seq.* ("ADAAA"), the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA"). He seeks back pay and lost economic benefits of his employment, liquidated damages, reinstatement or front pay in lieu of reinstatement, compensatory and punitive damages, and reasonable attorney's fees and costs.

## JURISDICTION AND VENUE

3.

Plaintiff's claims present federal questions over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331, § 1343(a), 29 U.S.C. § 2617(a)(2), and 42 U.S.C. § 12117(a) (incorporating 42 U.S.C. § 2000e-5(f)(3)).

4.

Venue is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) and (c).

## PARTIES

5.

Mr. Rob Jones is a citizen of the United States residing in the State of Georgia. At all relevant times, Plaintiff was employed by Kysor Warren.

6.

Defendant is a private corporation under Georgia law and conducts business throughout the state of Georgia. Defendant may be served by personal service on its registered agent, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

7.

Defendant is an "employer" within the meaning of the ADAAA, 42 U.S.C. § 12111(5), and the FMLA, 29 U.S.C. §2611(4)(A)(ii)(I).

8.

At all times while Plaintiff was employed by Defendant, Kysor Warren had 50 or more employees within 75 miles of Plaintiff's primary worksite located in Muscogee County, Georgia. 29 U.S.C. § 2611(2)(B)(ii).

9.

Plaintiff is an "employee" as defined by the ADAAA, and an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

10.

Plaintiff is a "qualified individual with a disability" as that term is used and defined by the ADAAA.

## ADMINISTRATIVE PROCEEDINGS

11.

Plaintiff timely filed a charge of discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC"). Plaintiff received the Notice of Right to Sue from the EEOC, and has complied with all other conditions precedent to assert his claims under the ADAAA in this lawsuit.

## FACTS

12.

Mr. Jones devoted nearly 32 years of his career to Kysor Warren.

13.

Mr. Jones began his employment with Kysor Warren on January 3, 1989. He started as a machine operator and worked his way up to an assembly line supervisor, operations manager, and systems manager, and was eventually promoted to a special projects manager in September 2019.

14.

Mr. Jones' success with the company was the result of his hard work and achievements in the various roles he held.

15.

Mr. Jones received continuous positive feedback from his managers during the course of his employment.

16.

In performance reviews, Plaintiff was always rated as meeting or exceeding the company's expectations.

17.

Plaintiff consistently performed at the highest level around company departmental goals of safety, quality, delivery, and cost, and led numerous project teams to support business growth.

18.

Plaintiff also received well over a dozen awards from his managers and peers, including the MVP and Passion for Excellence awards.

19.

Mr. Jones suffers from contracture of his right shoulder, a right rotator cuff tear, and secondary osteoarthritis of the right shoulder.

20.

As a result, he required surgery to have a full shoulder replacement. He requested and was approved to take FMLA leave.

21.

Mr. Jones was supposed to start FMLA leave on March 9, 2020, but his surgery was postponed one week.

22.

Mr. Jones' FMLA leave began on March 16, 2020.

23.

Mr. Jones was expected to return from FMLA leave on June 5.

24.

On May 22, while Mr. Jones was still on FMLA leave, and two weeks before he was set to return to work, Kysor Warren abruptly terminated his employment.

25.

Kysor Warren employee Brenda Haught and General Manager Damon Wyatt called Mr. Jones on May 22 and told him that his job was eliminated.

26.

Kysor Warren claims that his termination was the result of a reduction in force.

27.

Kysor Warren cut off his family health insurance coverage on the same day, while the company knew he was still being treated for his disability.

28.

After Mr. Jones was fired, Kysor Warren posted a job opening for plant manager, as well as other jobs. and had invested $27 million in expanding its operations and creating 200 new jobs in the area where Mr. Jones worked.

### COUNT I – FMLA INTERFERENCE

29.

Plaintiff incorporates paragraphs 1 through 28 herein by reference as if set forth fully herein.

30.

Mr. Jones was an eligible employee who was entitled to a total of 12 workweeks of leave because of his own serious health condition within the meaning of 29 U.S.C. § 2612(a)(1)(D).

31.

By terminating Mr. Jones' employment when he was entitled to take additional leave under 29 U.S.C. § 2612(a)(1)(D), among other actions, Defendant interfered with and prevented Mr. Jones from exercising the rights guaranteed to him under the FMLA.

32.

The actions of Defendant in interfering with Mr. Jones' leave under the FMLA were committed with reckless disregard for his right to take up to 12

workweeks of leave time because of his serious health condition and in violation of 29 U.S.C. § 2612(a)(1)(D).

33.

The effect of the actions of Defendant has been to deprive Mr. Jones of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits as a result of his right to leave under the FMLA.

34.

Accordingly, and because of the violations of the FMLA committed by Defendant, Mr. Jones is entitled to both equitable and monetary relief pursuant to 29 U.S.C. § 2617(a)(1)(A) and (B), including, but not limited to, back pay and other lost economic benefits of employment, reinstatement or front pay in lieu of reinstatement, and reasonable attorney's fees and costs of litigation.

35.

Mr. Jones is also entitled to liquidated damages for the willful violation of his rights under the FMLA. 29 U.S.C. § 2617(a)(1)(A)(iii).

## COUNT II

## RETALIATION IN VIOLATION OF THE FMLA

36.

Plaintiff incorporates paragraphs 1 through 28 as if set forth fully herein.

37.

Mr. Jones was an eligible employee who was entitled to a total of 12 workweeks of leave because of his own serious health condition within the meaning of 29 U.S.C. § 2612(a)(1)(D).

38.

By terminating Mr. Jones's employment because he exercised and attempted to exercise rights under 29 U.S.C. § 2612(a)(1)(D), Defendant retaliated against Mr. Jones because of his exercise of rights under the FMLA.

39.

Defendant's actions in retaliating against Mr. Jones because he exercised rights under the FMLA were committed with reckless disregard for his right to take up to 12 workweeks of leave time because of his own serious health condition, and in violation of 29 U.S.C. § 2612(a)(1)(D).

40.

The effect of Defendant's actions has been to deprive Mr. Jones of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits because he exercised FMLA rights.

41.

Accordingly, and because the violations of the FMLA committed by Defendant, Mr. Jones is entitled to both equitable and monetary relief pursuant to

29 U.S.C. § 2617(a)(1)(A) and (B), including, but not limited to, back pay and other lost economic benefits of employment, reinstatement or front pay in lieu of reinstatement, and reasonable attorney's fees and costs of litigation.

42.

Mr. Jones is also entitled to liquidated damages for the willful violation of his rights under the FMLA. 29 U.S.C. § 2617(a)(1)(A)(iii).

## COUNT III

## DISABILITY DISCRIMINATION IN VIOLATION OF THE ADAAA

43.

Plaintiff incorporates paragraphs 1 through 28 as if set forth fully herein.

44.

At all times relevant, Mr. Jones was an individual with a disability as defined by the ADAAA, 42 U.S.C. § 12102(1), inasmuch as he had physical impairments that substantially limited one or more major life activities, he had a record of such impairments, and he was regarded as a person with such impairments.

45.

At all relevant times, Mr. Jones has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8), and he was able to

perform the essential functions of his job with or without a reasonable accommodation.

46.

Defendant intentionally discriminated against Mr. Jones by subjecting him to adverse employment actions including, but not limited to, failing to accommodate his disability, and terminating his employment, because of his disability.

47.

Defendant violated Mr. Jones's rights under the ADAAA, 42 U.S.C. § 12112, by discriminating against him because of his disability.

48.

As a direct and proximate result of Defendant's intentional discrimination, Mr. Jones has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job-related benefits, including social security, all in an amount to be established at trial.

49.

Defendant's actions have caused and will continue to cause Mr. Jones to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, all in an amount to be established at trial.

50.

Defendant's actions were undertaken intentionally, willfully, and maliciously with respect to, or with reckless disregard for, Mr. Jones' federally protected rights, and he is therefore entitled to punitive damages.

51.

Mr. Jones is entitled to be reinstated to employment by Defendant, and, if reinstatement is not feasible, he is entitled to an award of damages for future lost wages and benefits of employment.

## COUNT IV

## FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADAAA

52.

Plaintiff incorporates paragraph 1 through 28 herein by reference as if set forth fully herein.

53.

At all relevant times, Defendant has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADAAA.

54.

At all times relevant, Mr. Jones was an individual with a disability as defined under the ADAAA, 42 U.S.C. § 12102(1), inasmuch as he had physical

impairments that substantially limited one or more major life activities, he had a record of such impairments, and he was regarded as a person with such impairments.

55.

At all relevant times, Mr. Jones has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8), and able to perform the essential functions of his job with or without a reasonable accommodation.

56.

Defendant intentionally discriminated against Mr. Jones by failing and refusing to accommodate his requests for reasonable accommodation, including but not limited to, a leave of absence for a definite duration of time, and by terminating he after he requested protected medical leave.

57.

Defendant's actions amount to a violation of 42 U.S.C. § 12112(a)-(b)(5)(A), which prohibits discrimination on the basis of disability in the form of not making reasonable accommodations for disabilities.

58.

As a direct and proximate result of Defendant's intentional discrimination and failure and refusal to accommodate Mr. Jones, he has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in

the form of wages and other job-related benefits, including social security, all in an amount to be established at trial.

59.

Defendant's actions have caused and will continue to cause Mr. Jones to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

60.

Defendant's actions were undertaken intentionally, willfully, and maliciously with respect to, or with reckless disregard for, Mr. Jones' federally protected rights, and he is therefore entitled to punitive damages.

61.

Mr. Jones is entitled to be reinstated to employment by Defendant, and, if reinstatement is not feasible, he is entitled to an award of damages for future lost wages and benefits of employment.

## COUNT V

### RETALIATION IN VIOLATION OF THE ADAAA

62.

Plaintiff incorporates paragraphs 1 through 28 as if set forth fully herein.

63.

At all relevant times, Defendant has been subject to the requirements of Title I of the Americans with Disabilities Act as amended by the ADAAA.

64.

At all times relevant, Mr. Jones was an individual with a disability as defined under the ADAAA, 42 U.S.C. § 12102(1), inasmuch as he had physical impairments that substantially limited one or more major life activities, he had a record of such impairments, and he was regarded as a person with such impairments.

65.

At all relevant times, Mr. Jones has been a qualified individual with a disability as that term is defined by 42 U.S.C. § 12111(8), and able to perform the essential functions of his job with or without a reasonable accommodation.

66.

Defendant intentionally retaliated against Mr. Jones by, among other things, terminating his employment after he requested a reasonable accommodation in the form of medical leave of a definite duration, and because of his disabilities.

67.

Defendant's actions amount to a violation of the ADAAA, which prohibits retaliation because an individual requests a reasonable accommodation or seeks to exercise rights under the Act. 42 U.S.C. § 12203.

68.

As a direct and proximate result of Defendant's unlawful retaliation against Mr. Jones, he has suffered out of pocket losses and has been deprived of job-related economic benefits, including income in the form of wages and other job related benefits, including social security, all in an amount to be established at trial.

69.

Defendant's actions have caused, continue to cause, and will cause Mr. Jones to suffer damages for emotional distress, mental anguish, loss of enjoyment of life, and other non-pecuniary losses all in an amount to be established at trial.

70.

Defendant's actions were undertaken intentionally, willfully, and maliciously with respect to, or with reckless disregard for, Mr. Jones' federally protected rights, and he is therefore entitled to punitive damages.

71.

Mr. Jones is entitled to be reinstated to employment by Defendant, and, if reinstatement is not feasible, he is entitled to an award of damages for future lost wages and benefits of employment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a **TRIAL BY JURY** and that the following relief be granted:

A. That the Court take jurisdiction of this matter;

B. That process be served;

C. That the Court award Plaintiff his back pay and lost economic benefits of employment and front pay in an amount to be determined at the trial of this case;

D. That the Court award compensatory damages in an amount to be determined by the trier of fact;

E. That the Court award Plaintiff liquidated damages under the FMLA;

F. That the Court award Plaintiff his costs of litigation in this action and his reasonable attorney's fees;

G. That the Court grant to Plaintiff the right to have a trial by jury on all issues triable to a jury; and

H. That the Court grant such additional relief as the Court deems proper and just.

Respectfully submitted this 28 day of April, 2022.

            **HALL & LAMPROS LLP**
By: */s/ Rachel Berlin Benjamin*
   Rachel Berlin Benjamin
   Georgia Bar No. 707419
   rachel@hallandlampros.com
   Brian J. Sutherland
   Georgia Bar No. 105408
   brian@hallandlampros.com
   400 Galleria Pkwy SE, Suite 1150
   Atlanta, GA 30339
   Telephone: (404) 876-8100
   Facsimile: (404) 876-3477

   *Counsel for Plaintiff*